IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FERNANDO LUIZ DA SILVA RODRIGUES, | ) ) ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Civil Action No. 26-00020-KD-B |
| ANTHONY E. LOWERY, Sheriff, Baldwin County Detention Center; MELLISSA HARPER, ICE New Orleans Field Office Director; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security, and PAMELA BONDI, U.S. Attorney General, | ) ) ) ) ) ) ) ) ) ) ) |
| Respondents. | ) |

**ORDER**

This action is before the Court on the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief filed by Petitioner Fernando Luiz Da Silva Rodrigues (Doc. 1); Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2); [1] the Response to Show Cause Order, Opposition to Motion for Temporary Restraining Order, and in the alternative, Motion to Transfer Venue filed by the Federal Respondents (Doc. 14); and Petitioner's Response (Doc. 15).

Respondents were ordered to show cause why the Petition should not be granted. In response, the Respondents argue that the Petition should be denied or in the alternative that the Court should transfer this case to the Western District of Louisiana where the Petitioner is currently

---

[1] Petitioner's Motion for Order to Show Cause and for Production of Evidence on an Emergency Basis (doc. 10) was granted in part and is otherwise MOOT.

detained. The Court does not find that the transfer of this case meets the interest of justice because a speedier resolution appears to be more readily available in this District.

  According to Petitioner and the Respondents, the Petitioner was admitted into the United States on May 18, 2013, as a non-immigrant visitor with authorization to remain in the United States for a period of six months.  There is no evidence that Petitioner left the United States.

Petitioner was stopped for a traffic violation in Theodore, Alabama, on January 22, 2026.  A Mobile County Sheriff's Office Deputy notified Border Patrol who, after interviewing Petitioner, placed an immigration detainer on him.  Petitioner admits that he "overstayed" his Visa admission. Petitioner was taken into custody by the Mobile County Sheriff's Deputy.  The next day, Border Patrol took custody of Petitioner and, according to the Respondents, arrested him for being illegally present in the United States.  Petitioner was housed in Baldwin County, Alabama until January 27, 2026, when he was transported to Jena, Louisiana for immigration proceedings.  Prior to his transfer, on January 26, 2026, Petitioner filed the current Petition and Motions.  There is no dispute that this Court has jurisdiction over this matter since the Petition was filed while Petitioner was present in this District.

In Petitioner's request for a temporary restraining order/preliminary injunction he asks this Court to enjoin the Respondents from 1) removing the Petitioner from the United States; 2) transferring Petitioner outside the Southern District of Alabama; and 3) taking any action to divest this Court of habeas jurisdiction.  Since Petitioner has already been transferred, request number 2 is MOOT.  As to the general request in number 3, the Court finds it to be too vague to be an appropriate order to enjoin.  A TRO/PI must be specific and targeted; a person subject to a TRO/PI must know specifically what conduct is enjoined.

As to enjoining the Respondents from removing the Petitioner from the United States, noticeably absent is any caselaw supporting the Court's authority to enjoin the United States from

removing a defendant from the United States in the circumstances of this case. In fact, Petitioner appears to acknowledge that the Court is without jurisdiction, pursuant to 8 U.S.C. §1252(g), to review decisions or actions to execute removal orders. (See, Doc. 1, p. 9.) Yet, Petitioner requests this Court to enjoin a removal. Because the basis of this Court to enjoin a removal has not been explained, or supported by authority the request for a TRO/PI to do so is DENIED.

The Court now turns to the claims and relief requested in the Petition. Petitioner contends that he was illegally arrested and mis-classified as an alien under 8 U.S.C. §1225(b)(2)(A) (Applicant for admission). Petitioner contends that he is an alien subject to 8 U.S.C. § 1226(a), which, according to Petitioner, requires the Attorney General to issue a warrant and to give him a bond hearing.[2]

While the Respondents urge this Court to transfer the Petition to Louisiana, all parties appear to agree that this Court has jurisdiction to review whether Petitioner's classification under 8 US.C. §1225(b)(2)(A) is correct.

The Respondents urge rejection of Petitioner's misclassification claim relying primarily on Lopez v. Dir. of Enf. and Removal, No. 25-CV-1313-JEP-SJH, Doc. 9 at p. 3 (M.D. Fla. Jan 26,

---

[2] 8 U.S.C. § 1226(a) provides:

(a) Arrest, detention, and release. On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General-

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on-

        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

        (B) conditional parole;

2026) (finding that Petitioner was properly classified as an applicant for admission under 8 U.S.C. §1225(b)(2)(A)). The Respondents argue that "as an alien who was present in the United States for a number of years unlawfully, Petitioner is properly considered an applicant for admission." (Doc. 14 at 6). The Respondents also argue that the petitioner in Lopez was "*identically* situated to Petitioner". (Doc. 14 at 8). The Respondents appear to be incorrect on both contentions. In Lopez, the petitioner entered the country without a visa or permission to enter. The Petitioner in this case was admitted into this country on a visitor's visa and never left. The Court in Lopez recognized this distinction: "Section 1226 applies simply to an alien, 8 U.S.C. §1226(a), as distinct from an alien present in the United States who has not been admitted or who arrives in the United State, 1225(a)(1) (defining applicant for admission). Unlike Section 1225(b)(2)(A), therefore, section 1226 governs aliens who are lawfully admitted ... and who then remain present unlawfully." (emphasis added).

The distinction in Lopez is supported by the plain language of 8 U.S.C. § 1225(a)(1) which provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States ... shall be deemed for purposes of this chapter an applicant for admission." The Petitioner in this case was undisputably admitted on a Visa but then overstayed the Visa making his presence in this country illegal. However, he is not an applicant for admission as that term is defined and as explained in Lopez. The Respondents have offered no other authority for finding that Petitioner was properly classified.

As to the issue of whether Petitioner was illegally arrested and whether he is due to be released, the Respondents have failed to brief these issues, including whether the Court has jurisdiction to determine the issue and/or release the Petitioner. The Respondents have until **Monday, February 9, 2026 at 12:00 noon,** to brief these issues. The Respondents should also

brief what remedies the Court has available when it is determined that an alien has been misclassified.

The Court will hold a **hearing** on the Petition on **Wednesday, February 11, 2026, at 9:00 a.m.** in Courtroom 4B of the United States Courthouse, 155 St. Joseph St., Mobile, Alabama 36602.

The Clerk is directed to mail a copy of this Order to Respondent Anthony E. Lowery at the addresses provided in the summons.

**DONE** and **ORDERED** this 4th day of February 2026.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**