IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FERNANDO LUIZ DA SILVA RODRIGUES,** ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Civil Action No. 26-00020-KD-B** |
| ) | |
| **ANTHONY E. LOWERY, Sheriff, Baldwin County Detention Center; MELLISSA HARPER, ICE New Orleans Field Office Director; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security, and PAMELA BONDI, U.S. Attorney General,** ) ) ) ) ) ) ) ) ) | |
| Respondents. ) | |

## ORDER

This action is before the Court on the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief filed by Petitioner Fernando Luiz Da Silva Rodrigues (Doc. 1). The Petition was heard on February 11, 2026. Upon consideration, and for the reasons set forth herein, the Petition is **GRANTED in PART.**

According to Petitioner and Respondents, Petitioner was admitted into the United States on May 18, 2013, as a non-immigrant visitor with authorization to remain in the United States for a period of six months. There is no evidence that Petitioner left the United States.

At the hearing on the Petition, the following facts were established as non-contested. At 9:50 a.m. on January 22, 2026, Petitioner was stopped for a traffic violation in Theodore, Alabama by the Mobile County Sheriff's Department (MCSO). Petitioner produced a Brazilian passport and was questioned about his travel destination and purpose. As a result of his answers, Petitioner was requested to drive his truck to a different location for further questioning. Petitioner consented. At

some point, MCSO contacted Border Patrol for assistance. Border Patrol interviewed Petitioner and ran a records check. It was determined that Petitioner had remained in the United States for over 12 years after his visitor visa expired. At 12:24 p.m., the Border Patrol placed an immigration detainer on Petitioner with an attached warrant. (Respondent Exhibit 1 to Court hrg). Petitioner was taken into custody by MCSO and placed at the Metro jail in Mobile County. On January 23, 2026, Border Patrol executed the warrant and assumed custody of Petitioner. (Doc. 13-2). Petitioner was transported to the Baldwin County, Alabama corrections facility. On January 27, 2026, Petitioner was transported to Jena, Louisiana for immigration proceedings.

On February 10, 2026, a notice of custody determination was issued. (Respondent Exhibit 2 to Court hrg). It appears from the Notice (I-286) that the determination was made on February 6, 2026. (Id.). The Notice indicates that Petitioner has requested an immigration judge to review this custody determination. (Id.)

On January 26, 2026, prior to his transfer, Petitioner filed the current Petition. (Doc. 1). There is no dispute that this Court has jurisdiction over this matter since the Petition was filed while Petitioner was in Respondents custody and present in this District.

In the Petition, Petitioner contends that he was illegally arrested and mis-classified as an alien under 8 U.S.C. §1225(b)(2)(a) (Applicant for admission). Specifically, Petitioner asserts four causes of action: 1) Unlawful arrest (without a warrant) in violation of the Fourth Amendment; 2) Unlawful detention under §1225(b) because he was misclassified as an arriving alien; 3) Statutory violation of Immigration and Nationality Act ("INA") and Accardi Doctrine because he was denied bond eligibility in violation of Department of Homeland Security ("DHS") regulations;[1] 4)

---

[1] At the hearing, Petitioner attempted to expand this claim to include a violation of internal regulations relating to the issuance of a warrant. The Court will address only the claims in the Petition.

Violation of the Fifth Amendment right to Due Process because he is being held in mandatory detention without any individualized assessment.[2]

### I.     Misclassification of Alien (Count Two)

Petitioner contends that he is an alien subject to 8 U.S.C. 1226(a),[3] which requires the Attorney General to issue a warrant and—according to the Petitioner—give him a bond hearing. Initially Respondents contested this claim. Now, Respondents concede that Petitioner is subject to 8 U.S.C. § 1226(a) and possible release as an alien that overstayed his visa—as opposed to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). (Doc. 18). For the reasons stated in the Court's previous order, (Doc.16), the Court finds that Petitioner is an alien subject to the provisions of 8 U.S.C. § 1226(a). Respondents have informed the Court that an initial hearing is set for February 27, 2026. (Doc. 22). The Respondent also indicated that a bond hearing before an immigration judge will be set promptly but could not define what that meant.[4]

---

[2] At the hearing, Petitioner also attempted to expand this claim to cover the process of issuing a warrant without individualized assessment. The Court will address only the claims in the Petition.

[3] 8 U.S.C. § 1226(a) provides:
> **(a) Arrest, detention, and release**
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General-
>> (1) may continue to detain the arrested alien; and
>> (2) may release the alien on-
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>> (B) conditional parole; . . .
>
>  . . . .

[4] Respondents' counsel also indicated that the argument that Petitioner was detained pursuant to § 1225(b) was her initial interpretation and that she is not sure whether Petitioner was initially detained pursuant to § 1225(b) or § 1226(a).

## II.    Unlawful Arrest Without a Warrant (Count One)

Petitioner claims that he was arrested in violation of the Fourth Amendment. Specifically, Petitioner argues that his arrest and detention violated the statutory requirement that arrest without a warrant by Border Patrol requires a "reason to believe" the petitioner is in the country illegally and that he is likely to escape before a warrant can be obtained. See 8 U.S.C. § 1357. Petitioner argues that Respondents did not have reason to believe Petitioner was a flight risk before arresting Petitioner without a warrant.

Petitioner's claim fails because his contention that he was arrested by a Border Patrol Agent without a warrant is false. As stated *supra*, Petitioner was stopped, detained, questioned and then taken to Mobile Metro by the MCSO. While there is no indication from the current record that the stop and questioning of Petitioner was unconstitutional, this § 2241 Petition is not the correct vehicle to seek relief for any alleged constitutional violation in the stop or detention by the MCSO.

Petitioner was then detained pursuant to a request from the Border Patrol under 8 C.F.R. § 287.7. This detainer was accompanied by an arrest warrant. Once the detainer and warrant were lodged, Border Patrol had 48 hours to assume custody. According to the date stamp on the warrant (January 23, 2026, 11:56 a.m.), Border Patrol executed the warrant approximately 24 hours after he was booked into the Metro jail. (Doc 13-2).

Petitioner has failed to state any viable basis for this Court to find that Respondents violated Petitioner's constitutional rights by failing to obtain a warrant. Petitioner alleges, and Respondents do not contest, that Border Patrol must have probable cause to believe that Petitioner was in the United States illegally before requesting a detainer and warrant. In this case there is no factual dispute that there was probable cause to believe that Petitioner had overstayed his visa and was not present in the United States lawfully.

As to the contention that Border Patrol was required to have probable cause that Petitioner was likely to flee, Petitioner relies on the statutory requirement for a *warrantless* arrest by Border Patrol. No such warrantless arrest occurred.[5]

### III.  Statutory violation of INA and DHS regulations (Count Three)

This claim is premised solely on Respondents' initial misclassification of Petitioner under § 1225(b), which required mandatory detention. The assertion is that the misclassification violated the "agency's own rules [that] unambiguously require Petitioner's case to be processed under 8 U.S.C. §1226(a), which provides for discretionary release on bond." (Doc. 1 at 39). This claim mirrors the constitutional claim and has been conceded. Petitioner should be classified and processed under § 1226(a). Respondents contend that this is occurring. Moreover, the I-286 Form indicates that Petitioner's classification under § 1226(a) was in place at least as early as February 6, 2026, when the District Director made an initial determination that Petitioner should be detained.

### IV.  Fifth Amendment Due Process Violation (Count Four)

In this Count, Petitioner asserts a bevy of claims. The common claim is premised on the assertion that Petitioner is being held in mandatory detention without an individualized assessment. Currently, as explained *supra*, Petitioner is being processed under § 1226(a) and is not in mandatory detention status.

### V.  Remedies

Petitioner requests that the Court order that Petitioner be released. The Court declines this request as there simply is no persuasive authority that requires this Court to order release under a § 2241 for an initial misclassification of Petitioner.

---

[5] Confronted at the hearing with the fact that there was a warrant issued, Petitioner attempted to pivot her argument to the process of getting the warrant. No such claim was made in the Petition or adequately briefed. Therefore, neither the Court nor Respondents were prepared to address the issue. The Court will not address a new claim that was not properly before the Court.

In the alternative, Petitioner requests the Court to order Respondents to classify Petitioner as an alien under § 1226(a) and to order a bond hearing pursuant to DHS regulations applicable to an alien under §1226(a). This request is **GRANTED**. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("§ 1226(a) authorizes the Attorney General to arrest and detain an alien 'pending a decision on whether the alien is to be removed from the United States.' . As long as the detained alien is not covered by § 1226(c), the Attorney General 'may release' the alien on 'bond . . . or conditional parole.' § 1226(a). Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention. See 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).").

Petitioner also requests that the Court preemptively order Respondents not to violate internal proceedings regarding burdens of proof at the bond hearing and not to engage in other forms of detention if he is released on bond. The Court declines this request. Such a request goes well beyond the relief necessary to address the claims before this Court.

VI.   Conclusion

The Petition is **GRANTED in PART**—to the extent that Respondents are ordered to classify Petitioner as an alien under § 1226(a) and to provide Petitioner with a bond hearing pursuant to DHS regulations applicable to an alien under § 1226(a).

**DONE** and **ORDERED** this **11th** day of **February 2026**.

        **s / Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**